Good morning, Your Honor. May it please the Court, my name is Carlos Cruz and I represent the petitioner, Mrs. Alonso. The first issue in this case, Your Honor, as raised by the petitioners and as responded by government counselors, whether or not the Court has jurisdiction to entertain the petitioner's petition to review before this Court. And certainly the question that must be decided in resolving that issue is whether the challenge that has been brought by the petitioner's case involves a discretionary determination by the Board of Immigration Appeals or whether the challenge involves something else. The government has argued that this case is controlled by this Court's decision in Calau v. INS. In that case, this Court addressed the issue of jurisdiction and as to when the Court can entertain a jurisdictional issue involving moral character. The Court there has said that if it involves a per se category determination about good moral character, that the Court can certainly assume jurisdiction over that matter. But if the issue regarding moral character addresses a discretionary determination, that the Court lacks jurisdiction over that petition. But the facts in this case fall outside of the Court's decision in Calau v. INS. The bottom line issue in this case is whether or not the Board of Immigration Appeals and the Immigration Court can impose a requirement for police clearance letters, where that requirement is not found in the language of the particular regulation that impacts that decision. The controlling regulation here is that — Doesn't everything really come down from different directions to the question of whether they're announcing a blanket rule applicable to all cases or exercising the discretion with regard to the facts of this particular case? Yes, that's the issue. And I urge the Court to look at the decision rendered by the Board in making that decision. If the Court finds that because of the facts presented in this case, that the immigration judge simply made a discretionary decision to request that police clearance, then certainly the Court will lack jurisdiction because it would become a discretionary matter for the Board to resolve. But that's not the way that the immigration judge ruled on this case, and that's not the way that the Board of Immigration Appeals ruled on this case either. The Board of Immigration Appeals wrote in this very brief decision, and I quote, we find no error in the immigration judge's determination that a police clearance was necessary to establish the Respondent's good moral character. Why — I mean, that's — that could mean it's not error, as you contend, to require it as a per se rule, but it could also mean we find no error in the I.J.'s determination that a police clearance was necessary in this case to establish good moral character in light of the other evidence. Your Honor, you're absolutely right. And because it's open to interpretation the way that government counsel has argued, then you should look to the immigration judge's decision to see what that determination was. What is it that the Board found no error in? What was that determination? And the determination here is quite clear, and I will quote from the I.J. decision, and there the judge held that the police clearance was, quote, required by the instructions which are incorporated into the regulation pursuant to H.G.F.R. Section 103.2. And so what was the determination here by the Board is that the I.J. was correct in holding that that police clearance letter was required from the petitioner in this case. And so in this case, it is clear that the immigration judge held the belief and made the conclusion that the police clearance letter was required. At footnote 7, the government argues that even if that's the case, and from that statement it is difficult to dispute that that was the judge's conclusion. Government argues that even if that's the case, there was no harm here because the Board of Immigration Appeals reviewed the case de novo, that they in essence issued their own separate opinion. But that opinion by the Board relies on this immigration judge's decision. And the holding there was that there was no error in the determination made by the immigration judge. And the question then becomes, what was that determination? And the determination was that the police clearance was required by the instructions incorporated into the regulation pursuant to that particular code section. And that is a problem in this case because 103.2 does not incorporate that requirement. The regulation is clear with regards to what is required of an individual like Mrs. Alonzo to do in a case such as this one. She must appear to an I.N.S. processing center for fingerprints. She has to provide her fingerprints to the to conduct its own criminal background search. And that is found at 103.2. The language is clear. Now, let's stop for a second. Yes, Your Honor. Because I certainly acknowledge the I.J. said what you quoted. But the I.J. said what you quoted after saying in we read a lot of these I.J. decisions, and even by the standards of I.J. decisions, this was extraordinarily blunt and candid in saying, I don't believe a word the applicant says. And she got nothing else to tell me that she's of good moral character. So she can't have good moral character. I can't make that finding unless she submits what he describes as required, what the application form describes as recommended. But in the picture, you got nothing else to go on if there hasn't been submitted a police clearance. The only other thing we know about is that there's reference to an additional witness, unnamed. We have no idea what it was the additional witness might say. But otherwise, right now, there's a vacuum with regard to evidence on her behalf supporting the proposition of good moral character. So why shouldn't we read this to be a determination by the I.J. that this has to do with this person, because I don't believe anything she says, and so she can't establish her good moral character by her own testimony? Your Honor, I believe that would be a very valid and legitimate point if, in fact, the immigration judge had considered all of the evidence that the Respondent – excuse me, the Petitioner, in this case, attempted to present. And that brings me to the issue of the witness. If the immigration judge had made a determinary – excuse me, a finding based on his discretion, discretionary finding regarding good moral character, certainly the judge would have considered some – the testimony that she certainly provided regarding the incidents found in the record, and certainly would have considered the witness. But when the Petitioner attempted to introduce that witness on her behalf, the judge said there's nothing for her to say. The way to do it is police clearance. And because he believed and he concluded that the police letter was required, he didn't see it necessary for the witness to testify about her good moral character. That, in essence, proves our point, that because the judge found that the police clearance letter was required to show good moral character, that there was absolutely nothing that that witness could say that would change his mind, given that it was And certainly that is the plain reading that I take from the immigration judge's decision, information which is found in the record at the transcript, where the judge precluded the witness. Why? Because in his opinion, that was the way to do it, the police clearance. And there was no other way to go about it. And because of that finding, certainly that supports the argument and our conclusion that the immigration judge imposed a requirement that was beyond this particular section. Judge, I would like to note for the Court that when Congress has intended for police clearances, that police clearances are required. For example, under Section 202 of the Nicaragua regulations, Congress said the applicant must submit a police clearance letter for every municipality where the person has lived for, I believe, more than six months. There, that language is clear. Here, that language is lacking. The last argument I'd like to respond to briefly is the argument of exhaustion. Counselors argue that we fail to exhaust our administrative remedies. I would urge the Court to consider that there are two due process issues involved here. One is the issue of the imposition of a requirement not found in the regulations, and the other is not providing counsel or the petitioner with an opportunity to produce that police clearance letter, given that the petitioner was never informed that without that police clearance letter, the judge could not find and would not find good moral character. The Board's decision responds directly to the issue of the due process issue involving the imposition of that requirement, as the entire decision rests solely with that issue. And the brief also mentions the fact that the immigration judge did not allow the petitioner's counsel to inform or to advise the Court about why that police clearance letter was not available, presumably because it was never told. And the entire transcript of the proceedings doesn't include any reference whatsoever at any point in time during the hearings that were held here where the judge did not advise the petitioner or her attorney that that police clearance letter would be required. And so, therefore, on that basis, we ask the Court to reverse the decision of the immigration judge, as well as the Board's decision, and remand for proper consideration. Thank you. I would like to reserve my rebuttal. Thank you. Thank you. Can I please report? Good morning. My name is Arthur Rabin for John Oshkroft, the respondent in this case. First issue, jurisdiction, it is the government's position that there is no jurisdiction pursuant to this Court's decision in K-law, which said that if this was, in fact, a discretion determination, the court lacks jurisdiction to review it because it's inherently subjective. Why is it, as we argue in our brief, why was this a discretion determination? Well, if you take a look at the Board's decision, it does uphold the IJ's determination, but counsel cites selectively or he reads selectively from the IJ's decision, found on page 40 in the administrative record, also talks about in his analysis as to good moral character, it mentions on page 42 why the petitioner has not established good moral character. And to quote, she has not submitted a police clearance as required by the instructions which are incorporated into the regulation pursuant to 82-FR because she has admitted that she was in jail once, and that is five years ago, because apparently she had an altercation. On the record, and to differ with Judge Clifton, I don't think there's a vacuum here. I think the scales actually shift against her. The evidence on the record here show that she's not a person of good moral character as far as at least her involvement with the police. She has admitted that she was convicted, pled guilty, and was sentenced to one day in jail and was fined. She also, and that's actually contrary to her application for suspension of deportation here, where she claimed that she was never convicted of any crime, was never charged, was never arrested. So that right there was a disbalance that the IJ focused on. So he did require her, as part of his discretionary determination, to produce that. Now, they're saying that, well, that's all I'm looking at here, and I guess this is at the heart of it. On page 42, he says, she has not submitted police clearance as required by instructions incorporated in the reg. And then he says, although the respondent admitted she was in jail once, that's five years ago because of the fight with her sister. So, therefore, I find that she lacks good moral character. She failed to establish. So, I mean, I'm still left with the idea that it's somewhat ambiguous whether he's saying she lacks it because of this fight or she lacks it because of a legal mistake he's making by saying police clearance is required by regs. Well, I don't, again, if you look at Petitioner's brief, when they cite the whole beginning of the reg, if you look at our brief, we give you the beginning of the reg, which does say we incorporate by reference the instructions to this form. And if you look at the instructions, which we added to the back of our brief, they specifically say that the IJ could require you to produce on good moral character. That's an option. No, no. I mean, they say the IJ could require you to produce additional documents. And then it says, it also says, it is recommended that you produce a police clearance letter. So, what I think the IJ was talking about was the requirement of the immigration judge in the instructions to require petitioners to produce additional materials. But you didn't say to her, look, in light of your fight with your sister, I can't find you a good moral character unless you get me a police clearance. No, no. That was never said. But if you, I mean, and this is an oral. How are you supposed to do that? Because the instructions say, and she's represented by counsel, Your Honor, but the instructions to the form, which are incorporated by the regulation, say you should, it is recommended that you produce a police clearance record. And in light of the fact that she has admitted to a conviction, which raised that in the immigration judge's eyes as an issue, and her failure to produce a clearance record, especially with her vague testimony of, well, I can't remember how long it was, like five years ago, and it was something with the altercation with my sister, and, well, you know. And they start going into it, and you have to dig the facts out of it. So you want us to write an opinion that everybody has to provide a police clearance? No. No, Your Honor. That's not required by the regulation. No, no, no. Well, what? Well, what we want, this is, the government's position is this. This was a discretionary decision. How do we know that? Because the immigration judge said, I do not find you of good moral character. Under K-law, good moral character is a discretionary decision. As part of his analysis for good moral character, as the BIA decision upheld that analysis, that determination, that she was required under these facts, under the fact that she has been previously convicted and all that, to produce a clearance letter. So we would ask you to say, first of all, that there is no jurisdiction, but even if there were jurisdiction, there's no due process violation. She was required to bring it in, and she didn't, therefore. That's the way I read it. I'm sorry. If you were her lawyer, would you tell her beforehand from reading those instructions that if she didn't bring in a police clearance, she would automatically be found ineligible? Well, if I were her lawyer and I knew that that was her sole conviction, was for one day, possibly whatever, and I wanted to show the judge that. Now, you would do that. I would do that, yeah. But would you know that you were required to do that? Well, Your Honor, she submitted a suspension application, which at the top says specifically, please, in bold, capital letters, please read the advice and instructions before filling in this form. And then the instructions, which we provided for you, say it is recommended that you do produce a police clearance record. So I think any immigration lawyer. So is that a requirement? It's not a requirement unless it becomes, since good moral character is a discretionary decision, if you know as a good lawyer that that may be an issue because your client's got a conviction, and what you're trying to say is, look, we only got one, and it was many years ago, Your Honor, and here, she's been cleared. I think any immigration lawyer that's been practicing for a while would do that. In any case, Your Honor, that is the government's position that it was a discretionary decision, and even if the court believes that that discretionary decision is reviewable under due process, we would submit it's not a due process violation. And we do that for several reasons. We say that Petitioner's claim, first of all, was not exhausted before the Board. She only raised the police clearance, not even in a, she never even mentions the word due process in the context of police clearance. That was never even mentioned. Before the Board, the only time she even mentioned police clearance letter was on page 11 of the record, the top paragraph where she says the I.J. stated that she needed to establish good moral character because she did not have a police clearance. However, the I.J. refused to hear an explanation as to why the police clearance was missing. Moreover, the I.J. refused to hear testimony of a witness regarding miscellaneous. So from that, that was, you know, and we're talking about like eight, nine-page brief. That was the sole mention of police clearance in that one mention. They didn't say that she was subjected to a per se rule, that she had to give police clearance. Nothing. Just that the I.J. found she didn't have good moral character and didn't let her present a witness. That's correct. That's it. But second of all, we would say that's not an abuse of discretion because the I.J. had, first of all, no obligation to advise her because it's clearly in the instructions. And if she knows that that's an issue in her case, she should have provided as it is recommended that she does. And considering that, you know, she, in her case, she showed that she did follow these instructions because the same instructions say police clearance, say, produced two affidavits, which she did. The same ones that says produced tax records and things like that, she did. So she selectively chose not to produce police clearance. So we would argue that, you know, she followed the regs, but up to a point. But in this case, we don't concede error. So we don't think we have to go there to a due process determination. We think that the court lacks jurisdiction because it was a discretionary determination in the first instance. Subject to the court's questions, I would rest on my brief. How do you address the issue that, assuming we have jurisdiction, that we read the order as establishing a per se requirement, that she did not preserve a due process claim on that with the BIA? How do you answer that? In two ways, Judge. The first would be, first, that the brief does address that challenge. And that's found at page 11 of the record, lines 3 through 5. And Respondents' Counsel does generally read over that. But it does say that the I.J. found that she could not establish good moral character for failure to produce the police clearance letter. It doesn't say that because she didn't allow the judge didn't allow her to present a witness. It says that she could not establish her good moral character because of her failure to produce a police clearance letter. First, it is raised in the brief and it is set forth at page 11 of the record, lines 3 to 5. And the second is the BIA's decision. The BIA's decision clearly responds to this argument in its entirety. Counsel talks about a lengthy brief of about eight. It's actually more like 11, 12 pages. But there are issues regarding time, good moral character and hardship that are outside of the scope of this case. But nevertheless, that issue was raised. And in response to government's argument set forth in the brief, the BIA responds very specifically to the issue regarding good moral character. And the BIA could have been addressing it as part of their discretion. So that doesn't really answer whether the due process issue was exhausted. Your Honor, and your reference to the brief does. And you've given us the page sites of it. Yes, Your Honor. And what I can say in response is that it was ambiguous and that if there is ambiguity, it should be interpreted in favor of the petition. Thank you, Your Honor. Thank you. The case just argued is submitted for decision. That concludes the Court's calendar for this morning, and the Court stands adjourned. All rise. The Court is adjourned. Thank you. Thank you.
judges: Schroeder, Gould, Clifton